IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOE McKINLEY JONES, JR.                                            PLAINTIFF

V.                    CASE NO.      2:17-cv-02043-PKH-MEF

WENDY KELLEY, Director,
Arkansas Department of Correction                                    DEFENDANT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Petitioner Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1) Defendant filed a Motion to Dismiss on April 12, 2017. (Doc. 10) The matter is ready for Report and Recommendation.

### **I. Background**

Plaintiff, Joe McKinley Jones, Jr. ("Jones"), is challenging his drug-related convictions in the Circuit Court of Sebastian County, Arkansas in the three cases: CR-2002-1140, CR-10-372, and CR-10-546(A). He was sentenced to 27 years in CR-2002-1140; to a total of 130 years for the offenses involved in CR-2010-372; and, to 90 years in CR-2010-546(A). (Doc. 1, p. 1)

Jones sets forth eight grounds for relief: (1) actual innocence due to unlawful conviction (Doc. 1, p. 5); (2) prosecutorial misconduct for reliance on perjured or false testimony of State witnesses (Doc. 1, p. 7); (3) ineffective assistance of trial counsel (Doc. 1, p. 8); (4) the State failed to disclose exculpatory evidence (Doc. 1, p. 10); (5) the State broke the chain-of-custody on State's exhibit introduced at trial (Doc. 1, p. 12); (6) evidence pursuant to an unlawful arrest (Doc. 1, p. 15); (7) evidence pursuant to unconstitutional search and seizure (Doc. 1, p. 17); and, (8) denial of a fair and impartial trial, constructive denial of counsel, and denial of Due Process of law (Doc. 1, p. 18).

In support of his grounds for relief, Jones vaguely asserts "newly discovered evidence [that] was not readily available" and "only discovered through the exercise of due diligence investigation during replevin action initiated by petitioner well after his trial." (Doc. 1, p. 5) Jones claims that the "newly discovered evidence" consists "mainly of police records and official records from agencies of the State as well as statements and testimony from law enforcement officials." (Doc. 1, p. 7)

In addition to seeking relief in direct appeals of his convictions, the Plaintiff acknowledges that he previously filed a petition under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Arkansas, Case No. 5:13-cv-00063-JLH-JLK. (Doc. 1, p. 4) According to Plaintiff's allegations, that earlier petition under § 2254 was filed on January 26, 2013[1], and it was dismissed with prejudice on September 3, 2014. (Id.) Plaintiff claimed in that earlier proceeding that (1) he received ineffective assistance of counsel in a litany of ways, (2) he received ineffective assistance of counsel on post-conviction review, and (3) he was denied the right to post-conviction review because the circuit court clerk "thwarted" his efforts to obtain review. (Doc. 11-2, pp. 3-4) These claims were rejected by Proposed Findings and Recommendations in the previous habeas case as being untimely, procedurally defaulted, without merit. (Doc. 11-2, pp. 1-6) The Proposed Findings and Recommendations were adopted on September 3, 2014, and Jones' complaint was dismissed with prejudice. (Doc. 11-2, pp. 7-8) A certificate of appealability was denied by the district court on November 6, 2014 (Doc. 11-3, p. 1), and by the Eighth Circuit Court of Appeals on February 20, 2015 (Doc. 11-3, p. 2).

More than a year later, Jones filed an "Amended Habeas Corpus Petition" in which he requested permission to amend his habeas petition based on newly discovered evidence. (Doc. 11-4)

---

[1] According to court records, it was actually filed on February 26, 2013. (Doc. 11-4)

In addressing the matter, the Hon. J. Leon Holmes, U. S. District Judge, noted that "[n]othing in the rules permits an amended petition after the initial petition has been dismissed and all appeals have been exhausted," and he advised "[i]f Jones wishes to file a new petition, he must obtain permission from the United States Court of Appeals for the Eighth Circuit to file a second or successive habeas corpus petition." (Id.) Jones' Amended Habeas Corpus Petition was dismissed on July 7, 2016, and no certificate of appealability was authorized. (Id.) Jones then sought permission from the Eighth Circuit Court of Appeals to file a successive habeas application in the district court; his request was denied by the Eighth Circuit on January 4, 2017. (Doc. 11-5)

Ignoring the Eighth Circuit's denial of permission to do so, Jones then filed his instant Petition in this Court on March 20, 2017. (Doc. 1)

Defendant now moves to dismiss pursuant to 28 U.S.C. § 2244(b)(3)(A) on the basis that the pending Petition is a second or successive petition filed without Jones first obtaining permission from the Eighth Circuit Court of Appeals. (Doc. 10)

**II. Discussion**

As noted above, Jones' state court convictions have been the subject of two prior habeas petitions filed in the United States District Court for the Eastern District of Arkansas. Jones' first § 2254 petition was dismissed with prejudice on September 3, 2014 as being untimely, procedurally barred, and without substance. (Doc. 11-2) A dismissal on the grounds of procedural default, as occurred in the Eastern District, constitutes a decision on the merits. *Bell v. North Dakota*, 567 F.Supp.2d 1130, 1133 (D.N.D. 2008) (citing *Shaw v. Delo*, 971 F.2d 181, 184 (8th Cir. 1992). Therefore, Jones' present petition for habeas relief is a "second or successive petition."

The Anti-Terrorism and Death Penalty Act ("AEDPA") imposes three basic requirements

on successive habeas petitions: first, any claim that has already been adjudicated in a previous petition must be dismissed; second, any new claim that was not already adjudicated must be dismissed unless it relies on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence; and, finally, before a district court can accept a successive habeas petition, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet AEDPA's new-rule or actual-innocence provisions. *Bell*, 567 F.Supp.2d at 1133 (citing *Williams v. Chatman,* 510 F.3d 1290 (11th Cir. 2007)).

28 U.S.C. § 2244(b)(1) requires that before a second or successive petition is filed in federal district court, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4). It is clear and beyond question that Jones' petition is subject to the gate-keeping requirements of 28 U.S.C. § 2244(b)(3) and (4).

28 U.S.C. § 2244(b)(3)(C) allows a court of appeals to authorize the filing of a second or successive habeas petition only if it determines that the petitioner makes a prima facie showing of the requirements of § 2244(b).

As the Court observed in *Tyler v. Cain*, 533 U.S. 656, 661-62, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001):

> "AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. §

2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).

Some of Jones' claims were presented in his previous habeas petitions. His claims of ineffective assistance of counsel at trial and on post-conviction review were raised in his § 2254 petition filed in the Eastern District on February 26, 2013. So too were Jones' claims based on "newly discovered evidence" raised previously in his "Amended Habeas Corpus Petition" filed in 2016. In fact, these claims, including Jones' assertion of newly discovered evidence to support his claims of prosecutorial misconduct for reliance on perjured or false testimony and the State's failure to disclose exculpatory evidence, were first raised in habeas corpus petitions filed in 2012 in the Circuit Court of Lee County, Arkansas. (Doc. 8, pp. 107-117; Doc. 9, pp. 11-12) Having been denied habeas relief on such grounds in State court, Jones then filed his § 2254 in the Eastern District. These claims must be dismissed under § 2244(b).

Other claims were not raised in identical form in Jones' prior § 2254 petitions. They are, nonetheless, subject to summary dismissal. A review of the record shows that Jones has raised the same essential claims in two State court Rule 37 proceedings (Doc. 8, pp. 85-93, 94-103), two State court habeas corpus petitions (as noted above), and in the two § 2254 petitions Jones filed in the Eastern District. Not counting Jones' direct appeals, that would make the pending § 2254 Petition the seventh time Jones has raised these post-conviction claims seeking to collaterally attack his convictions and sentences. At one point in July, 2015, Jones sought to file yet another habeas corpus petition in the Lee County Circuit Court, only to have the Circuit Clerk return his unfiled petition to him with a letter advising him "you filed this same case Dec. 12, 2012[,] it was denied Dec. 13, 2012[,] you appealed it Jan. 2, 2013. Therefore, *you cannot file it in this office again*." (Doc. 8, p.

122) (Emphasis added.) It is apparent that Jones has repeatedly abused the writ of habeas corpus, and he has done so again with the instant § 2254 Petition.

There is no indication that Jones relies on a new rule of constitutional law that has been made retroactive to cases on collateral review by the United States Supreme Court. Accordingly, the narrow exception provided for in 28 U.S.C. § 2244(b)(2)(A) is not applicable.

The record also reveals that Jones cannot show that the factual predicate for his claims could not have been previously discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2)(B)(i). Jones points to "newly discovered and reliable evidence, which consisted mainly of police records and official records ..." (Doc. 1, p. 7) These records, Jones contends, would show that Det. Greg Napier, "who was [a] key prosecution witness," equipped the confidential informant with an audio recording device that recorded the entire transaction, but that such "physical evidence was not presented at trial." (Doc. 8, p. 23) These records, however, all existed prior to Jones' trials, and the record shows that his trial counsel specifically requested a copy of any recording of the controlled-buy transaction on August 30, 2010.[2] (Doc. 8, p. 79) From this record, I must conclude that Jones knew of the factual predicate for his claims in August, 2010, well in advance of his trials.

In addition, Jones cannot show that the facts underlying his present claims would establish by clear and convincing evidence, absent constitutional error, that no reasonable jury would have found him guilty of the offenses of conviction. *See* 28 U.S.C. § 2244(b)(2)(B)(ii). As Magistrate Judge Jerome T. Kearney commented in his Proposed Findings and Recommendations, "there was an overwhelming amount of evidence to support [Jones'] conviction." (Doc. 11-2, p. 5) Magistrate

---

[2] This was subsequent to Jones' petition to revoke hearing on July 28, 2010 in CR-2002-1140, but prior to his trial on October 11, 2010 in CR-10-372, and prior to his trial on June 14, 2011 in CR-10-546(A).

Judge Kearney further noted that "the majority of [Jones'] ineffective assistance of counsel claims are simply unsupported conclusions," and Jones failed "to explain what evidence was withheld, which witnesses should have been called, what the testimony of those witnesses would have been, or what part of the State's case should have been challenged." (Id.) Jones claims and assertions in the present § 2254 Petition are similarly lacking in substance.

It is well established that if a prisoner files a successive habeas corpus petition in federal district court without having obtained authorization to do so from the appropriate court of appeals, the district court must dismiss the case for want of subject matter jurisdiction. *Bell*, 567 F.Supp.2d at 1135 (citing *Hernandez v. Wallace,* 524 F.Supp.2d 1097 (E.D.Wis. 2007)). In his July 7, 2016 Order dismissing Jones' "Amended Habeas Corpus Petition," District Judge J. Leon Holmes advised Jones that if he wished to file a new petition, he must first obtain permission from the Court of Appeals for the Eighth Circuit to file a second or successive habeas corpus petition. (Doc. 11-4) Jones then sought such permission, but the Eighth Circuit denied it on January 4, 2017. (Doc. 11-5)

Having failed to obtain permission from the Court of Appeals, Jones initiated this action anyway. The pending § 2254 Petition is an abuse of the writ and is barred as a second or successive petition under 28 U.S.C. § 2244(b). Accordingly, this Court lacks jurisdiction to consider it. *See Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

### III. Conclusion

For the reasons discussed above, I recommend that Defendant's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 10) be **GRANTED**, and that Jones' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of April, 2017.

                                              /s/ Mark E. Ford
                                              HONORABLE MARK E. FORD
                                              UNITED STATES MAGISTRATE JUDGE